(88 South. 27)

ROWELL v. STATE.    (4 Div. 669.)

(Court of Appeals of Alabama.    Feb. 8, 1921.)

CRIMINAL LAW ⬤⇒510—CONVICTION OF FORGERY COULD NOT REST ON UNCORROBORATED TESTIMONY OF ACCOMPLICE.

In a prosecution for forgery conviction could not rest on the uncorroborated testimony of the state's witness, who was an accomplice in the crime, if in fact he was not the principal, which the evidence tended strongly to show.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Comer Rowell was convicted of forgery, and he appeals. Reversed and remanded.

J. A. Carnley, of Elba, for appellant.

The evidence shows Reeves to have been an accomplice and his testimony is uncorroborated. Section 7897, Code 1907; 170 Ala. 80, 54 South. 516. 72 South. 596; 89 Ala. 134, 8 South. 104. The new trial should therefore have been granted in the trial court, and will be reviewed and granted here. Acts 1915, p. 722; 74 South. 400.

J. Q. Smith, Atty. Gen., for the State.

Error is confessed in the matters indicated in the opinion.

BRICKEN, P. J. This defendant was indicted, tried, and convicted for the offense of forgery, a felony. The only exception reserved to the ruling of the court pending this trial was to the action of the court in overruling the defendant's motion for a new trial.

A careful examination of the evidence convinces us that the state's witness, Reeves, was an accomplice in the forgery complained of, if in fact he was not the principal in the commission of the offense (which the evidence tends strongly to show), and as the conviction of the defendant was had upon the uncorroborated testimony of said witness, and that alone, we must hold that a new trial should have been granted him, as prayed for in the motion. The Attorney General, representing the state upon this appeal, frankly concedes that this conclusion is correct, and, in effect, confesses error in the matters complained of.

The law is so clear on the questions involved in this appeal, no elaboration or restatement thereof is deemed necessary. For the error in overruling the motion for a new trial, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.